John Kick, complainant-appellee,

*v.*

Francis H. McCauley, administrator, &c., defendant-appellant and respondent, and Joseph Giovanni, administrator, et al., defendants-appellants and respondent.

Albert Schwerzler, complainant-respondent,

*v.*

Francis H. McCauley, administrator, &c., defendant-appellant and respondent, and Joseph Giovanni et al., defendants-appellants and respondents.

[Argued October term, 1934. Decided January 10th, 1935.]

*Messrs. Walscheid & Rosenkranz,* for Francis H. McCauley.

*Messrs. Whiting & Moore,* for the royal vice-consul of Italy, intervening on behalf of Emma Giovanni and Fernande M. Giovanni.

*Messrs. Kellogg & Chance,* for Joseph Giovanni.

*Mr. William F. Burke,* for Albert Schwerzler.

The opinion of the court was delivered by

BODINE, J.

John Orest, a resident of Hudson county, died intestate January 23d, 1920. At the time of his death, he was engaged in the embroidery business, being interested in two plants; one the Peerless Embroidery Works, in which John Kick claimed an interest, and the other Orest & Schwerzler, a partnership.

Shortly after Orest's death, upon verified application showing necessity (his next of kin residing in Switzerland), the orphans court appointed former Judge Francis H. McCauley administrator *durante absentia*. He qualified and took possession of and supervised the business interests in which deceased had been engaged.

Shortly thereafter there was a slump in the embroidery business. Sale of the businesses could not be effected and great loss was incurred. Joseph Giovanni, a brother of decedent, having come to this country, was appointed June 17th, 1920, together with McCauley, general administrator of the estate. Proceedings were then instituted in the orphans court to compel an accounting by McCauley as administrator *durante absentia*. The master to whom the matter was referred charged him with the sum of $86,187.33.

The master's report was not confirmed because there were pending in the court of chancery two suits for accounting as to the business interest of Orest. One suit was by John Kick against McCauley alleging that he was a partner in the Peerless Embroidery Works. The other was a suit by Schwerzler against McCauley, as administrator *durante absentia*, and against McCauley and Giovanni, as general administrators, and sought an accounting of the partnership of Orest & Schwerzler. Giovanni counter-claimed. The same parties were before the court and the same issues were substantially raised in both actions.

Vice-Chancellor Fallon found that Kick was not a partner in the Peerless Embroidery Works. He also found that McCauley was liable, as administrator *durante absentia,* for

all the losses that had occurred, and should account for all the assets of the estate coming to his hands as such administrator. The decree further directed an accounting by McCauley and Giovanni, as general administrators, for such assets as came to their possession as such administrators. In the Schwerzler case, he found that Schwerzler had, as surviving partner, conducted the business for an unreasonable length of time and directed an accounting for what was primarily due from Schwerzler and for what was secondarily due from the administrator *durante absentia.*

McCauley not accounting, both cases were referred to a master to state and file the account of the administrator *durante absentia* and also of McCauley as general administrator, and to report whether the account filed by Giovanni, as general administrator, should be approved as filed or, if not, to restate the same. The master was directed to consider the testimony taken in the proceedings in the estate of John Orest, deceased, in the Hudson county orphans court and the testimony heretofore taken in the chancery actions with the same force and effect as though taken before him.

It is apparent that after nine years of litigation the court of chancery cut the Gordian knot and placed the matters before it in the hands of a master to find out what justice required to be done respecting the estate of John Orest.

The master found in the Schwerzler case, that Giovanni was not liable, but that Schwerzler was primarily liable and McCauley secondarily liable, as of January 30th, 1931, for the sum of $12,853.57. In the Kick case, that Giovanni was not liable but that McCauley, as administrator *durante absentia,* was liable as of January 30th, 1931, for $76,908. The total liability of McCauley, as administrator *durante absentia,* was therefore fixed in the sum of $89,761.61.

It is to be noted that the finding was that the general administrators, as such, never received any of the assets of the estate apparently because they had long before been lost. To this an exception was taken, but the court affirmed the report and directed distribution, crediting the administrator for sums realized from the sale of assets previously paid into court.

The argument was made, in behalf of McCauley, that the grant of administration *durante absentia* was void. However, it is certain that McCauley having been sworn to faithfully administer a trust imposed upon him by the orphans court cannot now question the authority of that court. Since he submitted to the jurisdiction of the court of chancery to settle the account in the suits of Kick and Schwerzler, he cannot now question the authority of that court to proceed to a complete determination of the whole matter, to the end that complete justice might be done between the interested parties. The court of chancery was in possession of the cases for the purpose of an accounting between parties. It was disclosed that a trust existed as to part of the property, the subject of the accounting. The court had undoubted power to protect the trust property and provide for its proper preservation and distribution. *Robbins* v. *McKnight, 5 N. J. Eq. 642, 646.* The principle needs no citation. *Feld* v. *Kantrowitz, 102 N. J. Eq. 307.*

The duty of an administrator *durante absentia* to account is real and cannot be shirked. The authority of the orphans court to make the appointment was perhaps sufficient. At the time of Orest's death there was need that his estate be immediately administered. Those entitled to administration were not within the country, and the administrator *durante absentia* was, therefore, appointed. *24 Corp. Jur. 1170.*

It is not to be supposed that the orphans court, clothed with power to grant administration when there is a dispute concerning administration, has no power to act when there is no one within the jurisdiction to whom administration may be granted by the surrogate. However, it is not necessary to decide more than this, that McCauley having assumed to act as administrator *durante absentia* and also as one of the general administrators of the estate may not question the authority of the court under whose orders he acted.

It is urged that necessary parties were not before the court of chancery. If so, that objection should have been made in the court below, and may not be here urged as a ground of appeal. *Dittrich* v. *Cline, 99 N. J. Eq. 444.*

The filed inventory shows personal apparel and an automobile besides the interest in the two plants. The only account filed by McCauley and dated May 5th, 1922, shows besides personal apparel and an automobile, liberty bonds and cash in several banks. However, the master reported on re-reference that no assets came into the hands of the general administrators, because the losses, which wiped out the estate, had been sustained prior to their appointment as general administrators. If this be so, and no proofs show the contrary, then it would seem that there would be no basis for imposing liability upon the general administrators. They are certainly not liable for assets not received, or assets which, by the exercise of reasonable diligence, they could not collect. Had the business failed before they were appointed they could not be held liable for the failure. If the estate, which they were charged to take, had no assets the administrators would not be liable for that circumstance.

The appellant McCauley complains of the following paragraph in the decree: "It is further ordered, adjudged, and decreed that said Francis H. McCauley, as general administrator of the estate of John Orest, deceased, is chargeable with and is liable to said estate for all moneys, assets and property which were in his possession or control at the time of his appointment and qualification as general administrator of said estate and all moneys, assets and property which have come into his possession or control since that time whether such moneys, assets or property came to his possession or control individually, as administrator *durante absentia*, or as general administrator." The paragraph seems, as before indicated, to have no factual basis on the proofs before the court. We see no reason, however, why a modification should be made, because the appellant McCauley is in no sense harmed by the pronouncement. We can find no error in the manner in which liability was imposed in the court of chancery. A fiduciary, who neglects every rule of positive law and good judgment, is in no position to complain that the court of chancery proceeds to hear and determine the whole matter before it. Nor is there any more reason to

complain that the court charged him with assets, which he was admittedly under a duty to administer as part of his trust, and failed so to do. The evidence indicates that McCauley, upon appointment, conducted the estate without direction, record or accounting. The imposition of liability from the date McCauley took charge would seem well founded. It is suggested that McCauley should not be charged with failure to collect accounts in New York banks. As administrator, he was clothed with a duty to reduce to possession the assets of the estate and steps could well have been taken by him for the accomplishment of that purpose. If the accounts still exist he can readily obtain them.

The appeal on behalf of Giovanni and the Italian vice-consul finds no factual support in the record. It nowhere appears that the general administrators, as such, received assets of the estate, or could, by the exercise of reasonable diligence, have obtained the same because it appears that at the time of their appointment the assets of the estate were non-existent. Hence, there was no basis upon which the court of chancery could impose liability.

As to the appeal of Giovanni from an award of counsel fee in the Schwerzler case, it would seem that the allowance rested in the sound discretion of the court of chancery. Considering all things it was reasonable in amount and was no doubt justified by the labors of counsel over a period of eleven years.

All other points argued have been carefully considered by us but they are not worthy of discussion.

The decrees appealed from will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.